Filed 8/27/25  Teran v. Superior Court CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| REYES IBARRA TERAN, | D086582 |
| Petitioner, | |
| v. | (San Diego County Super. Ct. No. SCD297120) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate.  Daniel Goldstein, Judge. Petition granted.

Jo E. Super, Chief Deputy Public Defender, Troy A. Britt, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Summer Stephan, District Attorney, Dwain Woodley, Assistant District Attorney, Linh Lam, Valerie Ryan, Emmaline Campbell and Carrie Johnson, Deputy District Attorneys, for Real Party in Interest.

Reyes Ibarra Teran petitions this court for a writ commanding the superior court to vacate its denial of his motion to exclude DNA results and to hold a hearing under the third prong of *People v. Kelly* (1976) 17 Cal.3d 24 (*Kelly*).)  Real party in interest, the People, ask us to issue a peremptory writ of mandate directing the superior court to conduct the third prong *Kelly* hearing.  We grant the petition.

## BACKGROUND

Teran has been charged with a violation of Penal Code section 269, subdivision (a) (aggravated sexual assault of a minor under age 14), and related crimes, in connection with the alleged sexual assault of V.C., the daughter of his girlfriend. Seven individuals live in their home: Teran, the girlfriend, V.C., three children of Teran and the girlfriend, and the girlfriend's mother. Swabs were taken from Teran and V.C. after the alleged assault and DNA tested by the San Diego Police Department crime lab. After further DNA testing incorporating familial reference swabs, the lab found moderate support for the conclusion that V.C. was a contributor to Teran's penile swab.

Teran filed a motion to exclude the DNA evidence, arguing the lab failed to use valid methods, including due to the complex familial DNA mixtures at issue. After the superior court denied the motion, Teran filed a reconsideration motion, seeking a third prong *Kelly* hearing to contest whether the People showed proper scientific procedures were used in his case. The superior court denied this request as well.

Teran then petitioned this court for a writ directing the superior court to vacate its order denying his motion and to hold a third prong *Kelly* hearing. We granted a temporary stay of trial and asked the People to provide an informal response that addressed the third prong of *Kelly*. In the People's response, they "request that this Court issue a peremptory writ of mandate directing the lower court to conduct a third prong [*Kelly*] hearing as to the DNA evidence proffered by the People." The People also request that we make our decision final upon filing and issue the remittitur immediately.

3

DISCUSSION

Both parties now request that we direct the superior court to conduct a third prong *Kelly* hearing. We conclude the superior court must conduct further proceedings consistent with *Kelly*, before proceeding with trial.

Under *Kelly*'s third prong, the proponent of scientific evidence "must demonstrate that correct scientific procedures were used in the particular case." (*Kelly, supra*, 17 Cal.3d at p. 30; see *People v. Venegas* (1998) 18 Cal.4th 47, 81 [inquiry assumes "general acceptance of its validity by the relevant scientific community has been established"; issue is "whether the procedures utilized in the case at hand complied with that technique"]; see *Venegas*, at p. 78.) The hearing does "not approach the 'complexity of a full-blown' *Kelly* hearing." (*People v. Buell* (2017) 16 Cal.App.5th 682, 691.) " 'All that is necessary in the limited third-prong hearing is a foundational showing that correct scientific procedures were used.' " (*Ibid*.) At the same time, the People's showing must have some evidentiary, not just legal, support and the superior court must resolve any conflicts in the evidence and determine if an adequate foundation is demonstrated. (Cf. *People v. Morganti* (1996) 43 Cal.App.4th 643, 661 [because third prong "requires case specific proof . . . , it cannot be satisfied by relying on a published appellate decision"]; *Morganti*, at p. 662 ["prosecution made the necessary foundational showing" based on expert's testimony that he "followed established procedure or protocol"]; *Venegas*, at p. 91 [in review of third prong ruling, reviewing court accepts the "trial court's resolutions of credibility, choices of reasonable inferences, and factual determinations from conflicting substantial evidence"].)

Because further proceedings under *Kelly* are warranted, and have not yet taken place, a peremptory writ in the first instance is appropriate. Both

parties have now requested these further proceedings and no useful purpose would be served by plenary consideration of the issue.  (Code Civ. Proc., § 1088; cf. *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1241.)

## DISPOSITION

Let a writ issue commanding respondent, immediately upon receipt of the writ, to vacate its orders denying the motion to exclude DNA results and motion to reconsider, and to conduct further proceedings consistent with this opinion.  The stay previously issued by this court is dissolved.  In the interests of justice, this opinion is final upon filing, and the remittitur shall issue immediately.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)


BUCHANAN, J.

WE CONCUR:


IRION, Acting P. J.


KELETY, J.

5